# CONFIDENTIAL
# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Ernesto Torres ("Torres"), YMK Hospitalities Co. Inc. d/b/a Mina's Mediterrano and Yasmine Kotb (YMK Hospitalities Co., Inc. d/b/a Mina's Mediterrano and Yasmine Kotb are referred to as "YMK") (Torres and YMK are collectively referred to as "Parties").

## RECITALS

This Agreement is made with reference to the following facts:

A. **WHEREAS,** Torres filed a lawsuit against YMK in the United States District Court for the Southern District of Florida, and that is designated as *Ernesto Torres v. YMK Hospitalities Co Inc. d/b/a Mina's Mediterrano and Yasmine M. Kotb,* Case No. 15-cv-23569-Ungaro/Otazo-Reyes (the "Lawsuit"); and

B. **WHEREAS,** YMK denies the validity of Torres's claims and denies that it is subject to any liability; and

C. **WHEREAS,** all Parties wish to settle their differences without resort to any further litigation; and

D. **WHEREAS,** YMK is willing to provide Torres with certain considerations described below, which it is not ordinarily required to, provided Torres releases YMK from any claims Torres has made or might make arising out of his employment with YMK, and agrees to comply with the other promises and conditions set forth in this Agreement.

E. **WHEREAS,** Torres affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Torres under

Initials [illegible]   Initials EAT

this settlement, Torres agrees to (i) indemnify, defend and hold YMK harmless from any action relating to medical expenses of Torres, (ii) reasonably cooperate with the YMK upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim made and for which Torres is required to indemnify YMK under this Paragraph, and (iii) waive any and all future actions against YMK for any private cause of action for damages pursuant to 42 U.S.C. § 1395(b)(3)(A).

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Definitions:** Throughout this Agreement, the term "YMK" shall include the following:

    (A) YMK Hospitalities Co Inc. d/b/a Mina's Mediterrano and Yasmine M. Kotb, as well as any past, present, and/or future subsidiary, parent company, affiliated entity, related entity, operating entity, franchisor of YMK Hospitalities Co Inc. or Yasmine M. Kotb; and

    (B) Any owner, officer, director, trustee, agent, manager, employee, or insurer of any entity encompassed by subparagraph (A).

3. **Settlement Sum:** As consideration for signing this Agreement and compliance with the promises made herein, YMK agrees to pay to Torres Four Thousand Dollars ($4,000), less lawful deductions. This sum shall be allocated as follows:

    (A) A total of Five Hundred Dollars ($500) shall be made payable as wage-based compensatory damages to Torres, for which a W-2 shall be issued;

Initials ____   Initials E A

(B) A total of Five Dollars ($500) shall be made payable as non-wage based compensatory damages to Torres, for which a 1099 shall be issued;

(C) A total of Two Thousand Five Hundred Dollars ($2,500) shall be made payable as attorneys' fees and Five Hundred Dollars ($500.00) in costs to Torres's legal counsel, Zandro E. Palma, P.A. Trust Account, 9100 Dadeland Blvd., Suite 1500, Miami, FL 33156, EIN No. 26-0767561, for which a 1099 shall be issued.

YMK shall provide the consideration identified in this Paragraph 3 no later than December 10, 2015. The settlement funds shall be held in Plaintiff's counsel's IOTA Trust Account until: this Court enters an Order approving the settlement in this matter and dismissing this lawsuit with prejudice and Plaintiff executes the following forms and delivers them to counsel for Defendants: (1) Form W-2, and a Form W-9 for Plaintiff; and (2) Plaintiff's legal counsel provides a Form W-9 for his firm;

**Consideration:** Torres understands and agrees that he shall receive the monies and/or benefits specified in Paragraph 3, above, after the Court enters an Order approving the settlement in this matter and dismissing this lawsuit with prejudice and the documents are delivered to Defendant's counsel as set forth above. Plaintiff's counsel shall receive the settlement funds on or before December 10, 2015, the funds shall be held in Plaintiff's counsel trust account until the Court enters the required Order.

4. **General Release of Claims by Torres:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, and subject to the rights enumerated in Paragraph 23, Torres, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges YMK and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, franchisors, and the individual owners, officers, directors, shareholders, partners, insurers, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Torres may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, are fully paid by way of Paragraph 3 of this Agreement; back pay; front pay; reinstatement; damages; or benefits. Torres also releases any and all claims he may have that arose prior to the date of this Agreement, and hereby specifically waives and releases all claims, including, but not limited to,

3

Initials _____  Initials EAT

those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Genetic Information Nondiscrimination Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; the Florida Workers' Compensation Retaliation Act, § 440.205, Fla. Stat.; the Florida Civil Rights Act, §760.01 et seq., Fla. Stat.; the Florida Whistle Blower Act, §448.101 et seq., Fla. Stat.; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. Torres also releases any and all claims he may have that arose prior to the date of this Agreement under the Family and Medical Leave Act and the Fair Labor Standards Act.

This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement. Nothing in this Paragraph or this Agreement is intended to limit or restrict any rights Torres may have to enforce this Agreement or challenge the Agreement's validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Torres understands and agrees that he is releasing YMK from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by Torres or on Torres's behalf.

5. (a). **General Release of Claims by YMK:** In consideration of the benefits provided by Torres and other promises in this Agreement, YMK fully, finally, and forever releases and discharges Torres and his heirs, family members and her counsel of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, whether known or unknown, vested or contingent, suspected or unsuspected of any and every nature whatsoever, as a result of actions or omissions occurring through the date Torres signs this Agreement or which relate in any way to Torres's employment at YMK or the allegations of the Lawsuit. YMK acknowledges that it may hereafter discover facts different from or in addition to those YMK now knows or believes to be true with respect to the matters released in this Agreement or set forth in this Agreement, and YMK agrees that the releases and agreements contained in this Agreement shall be and will remain effective in all respects notwithstanding such different or additional facts. It is intended in this Agreement

4

Initials _YM_   Initials _EAT_

fully and forever to settle the release of such matters and all claims which do now exist, may now exist, or have existed in favor of YMK in relation to Torres. In furtherance of such intention, the releases and agreements given in this Agreement shall be and will remain effective as full and complete releases and agreements of such matters notwithstanding the discovery or existence of any additional claims or facts. YMK acknowledges and agrees that it has had the opportunity to have independent counsel review this Agreement in deciding whether or not to execute and deliver it.

6. **Tax Liability:** Torres understands that YMK shall issue an IRS Form 1099 for those portions of the payment specified in Paragraph 3 of this Agreement that are not subject to withholding. In paying the amount specified in Paragraph 3, YMK makes no representation regarding the tax consequences or liability arising from said payment. Torres understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. YMK has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in Paragraph 3 of this Agreement to Torres). Torres agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. Torres further agrees to hold YMK harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums except to the extent such taxes or penalties are the result of YMK's negligence or miscalculation. In the event YMK receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against YMK, YMK shall promptly, after receipt of such written notice, notify Torres by letter sent to counsel for Torres.

7. **Affirmations:** Torres represents and affirms that, once payment under the terms of this Agreement have been paid, that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him.

8. **No Further Employment:** Torres acknowledges that he has voluntarily left employment in 2013, and acknowledges that his employment with YMK and Mina's Mediterrano terminated effective in September 2013. Torres permanently, unequivocally, and unconditionally waives any and all rights Torres may now have, may have had in the past, or may have in the future to obtain or resume employment with YMK or Mina's Mediterrano. Torres agrees never to apply for employment with YMK or Mina's Mediterrano, its parent, affiliates, and subsidiaries. In the event that

5

Initials _____ Initials EA

Torres is ever mistakenly employed by YMK or Mina's Mediterrano, its parent, successors, affiliates, and/or subsidiaries, Torres agrees to resign with no resulting claim or cause of action against YMK, its parent, successors, affiliates, and/or subsidiaries.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

10. **Non-Disparagement:** The parties agree that they will refrain from making any disparaging or derogatory comments about one another, including YMK, its parent, subsidiaries, affiliates, and each of their past and present agents, employees, representatives, owners, officers, directors, shareholders, or attorneys. In the event that the parties violate this Paragraph 11, the violating party shall pay the non-violating party the sum of $5000.00, and shall not be construed as a penalty.

11. **Governing Law and Jurisdiction:** This Agreement shall be governed and conformed in accordance with the laws of the state of Florida without regard to its conflict of laws provision. In the event Torres or YMK breaches any provision of this Agreement, Torres and YMK affirm that either may institute an action to specifically enforce any term or terms of this Agreement.

12. **Conditions:** Should either party ever breach any provision or obligation under this Agreement, the breaching party explicitly agrees to pay all damages (including, but not limited to, litigation expenses, and reasonable attorneys' fees) incurred as a result of the breach. Nothing in this Paragraph shall, or is intended to, limit or restrict any other rights or remedies the parties may have by virtue of this Agreement or otherwise.

13. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

14. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

Initials _____ Initials _____

15. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. The parties agree not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only an authorized representative of YMK has the authority to modify this Agreement on behalf of YMK.

16. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.

17. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement. To the extent any provision herein that relates to the release of claims alleged in Torres's Lawsuit, or the general release of claims described in Paragraph 5 above is deemed to be illegal, invalid, or unenforceable: (1) YMK is not obligated to honor any of the terms set forth herein; (2) Torres shall return any amounts paid by YMK; and (3) upon returning any amounts paid by YMK, Torres will be eligible to re-file the Lawsuit with the statute of limitations being tolled from the filing of the original Lawsuit through the date of any determination that the release of claims is held to be unenforceable.

18. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

19. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of YMK to Torres or of Torres to YMK. The parties acknowledge that they have not relied on

7

Initials _____   Initials EA

any representations, promises, or agreements of any kind made to them in connection with this Agreement, except for those set forth in this Agreement.

20. **Notice Requirements:** Any notices to be sent from one party to another shall be sent as follows:

> YMK Hospitalities Co. Inc. d/b/a Mina's Mediterrano and Yasmine Kotb
> c/o David Lichter, Esq.
> Lichter Law Firm
> 18305 Biscayne Blvd. Suite 302
> Aventura, FL 33160
> Telephone: 305.356.7555
> Facsimile: 305.356.7556

> Ernesto Torres
> c/o Zandro Palma, Esq.
> Law Offices of Zandro E. Palma, P.A.
> 9100 S. Dadeland Blvd., Suite 1500
> Miami, FL 33157
> Tel: 305-446-1500
> Fax: 305-446-1502

21. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

22. **Right to Engage in Protected Activity:** Nothing in this Agreement including but not limited to the General Release of Claims, Confidentiality, Non-Disparagement, and Conditions Paragraphs, or any other Paragraphs whether referencing this Paragraph or not, prevent Torres from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, NLRB, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this Agreement, Torres is waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited.

23. **Default:** If Defendants fail to make the required payment when it is due or fails to comply with any of the covenants, promises, and obligations set forth herein, then Defendants shall, upon notice to Defendant's counsel and a failure to cure within

8

Initials _YK_    Initials _EAT_

three (3) business days, be in default of this Agreement. Upon such default, then Plaintiff shall be entitled, upon the filing of an affidavit of non-payment to the entry of a Final Judgment against the Defendants, jointly and severally, in the amount of **SIX THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($6,500.00)**, less any cleared payments made by Defendants under this Agreement, plus pre and post-judgment interest at the statutory rate. Except for the payments made in accordance with the terms of this Agreement, Defendants hereby waive any and all defenses or objections it may have to Plaintiff's motion and to the entry of the Final Judgment.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS THEREIN, THE PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.**

**ACCEPTED AND AGREED:**

By: _____  Date: 12/16/15
Ernesto Torres

By: _____  Date: 12/15/15
Yasmine Kotb, President
on behalf of YMK Hospitalities Co Inc.
d/b/a Mina's Mediterrano

_____  Date: 12/15/15
Yasmine Kotb, individually

9

Initials _____   Initials _____